**In re Statford R. MADER aka Stats Mader, Debtor.**

**BANK ONE OF WAPAKONETA, N.A., Plaintiff,**

**v.**

**Statford R. MADER aka Stats Mader, Defendant.**

**Bankruptcy No. 82–0503. Related Case: 82–00069.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 1, 1982.

Thomas H. Katterheinrich, St. Mary's, Ohio, for plaintiff.

Thomas L. Smith, Quentin M. Derryberry, II, Lima, Ohio, for defendant.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Plaintiff's Complaint to Determine Dischargeability of Debt.

Plaintiff states that the issue of the Debtor's fraudulent conduct was fully adjudicated in the state court. Plaintiff was awarded a Summary Judgment on the allegation of fraud by the Auglaize County Court of Common Pleas on January 10, 1980. The Defendant, Mr. Mader, opposed

the Motion for Summary Judgment, then appealed the ruling of that Court to the Third District Court of Appeals. Both parties submitted lengthy briefs; the Third District Court of Appeals in a Memorandum Opinion affirmed the judgment of the lower court on May 20, 1980. Plaintiff seeks to have this Court grant judgment upon the doctrine of res judicata.

Defendant argues that because the wording of the state court judgments does not track the same wording of Bankruptcy Code Section 523(a)(2)(A), that res judicata does not apply.

Upon reviewing the state court pleadings and judgments, this Court finds that res judicata will apply, and therefore, the debt to Bank One of Wapakoneta, N.A. is a nondischargeable debt pursuant to Section 523(a)(2)(A).

██ It is clear that this Court can look behind a state court judgment in its determination of dischargeability. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, in studying the pleadings and judgments in this case, it appears clear that those factors which this Court would look to for its judgment are the same as those considered by the state courts. While it is true that the language of the judgments is not identical to the words found in the Bankruptcy Code, the facts underlying those judgments appear to be those contemplated by Congress when drafting Section 523 of the Bankruptcy Code.

In the interests of judicial economy this Court will not require a duplication of effort on a case that was fully adjudicated in the state courts. It is therefore

ORDERED, ADJUDGED and DECREED that the debt of the Defendant, Statford Mader, is nondischargeable in the amount of Eight Thousand Eight Hundred Thirty-seven and 13/100 Dollars ($8,837.13), plus interest at the rate of eighteen percent (18%) per annum from February 8, 1974.

In so reaching these conclusions, the Court has considered all the evidence presented whether or not referred to specifically in the Opinion above.

It is FURTHER ORDERED that service of this Memorandum Opinion and Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.